(86 South. 799)

No. 22865.

## PHILLIPS v. BRYCELAND LUMBER CO.

(Jan. 3, 1921.)

*(Syllabus by Editorial Staff.)*

Railroads ⟨⟩359(1) — Not liable to one. on right of way from curiosity or for own convenience.

A lumber company, operating a railroad, is not liable for injuries to one who was struck by a pole when a derailed truck, which was being loaded on a train, fell, whether the injured person entered the right of way from curiosity, or because it offered the most convenient route to his destination, where there was no evidence of fault or negligence on part of defendant's employees.

Appeal from Third Judicial District Court, Parish of Bienville; J. E. Reynolds, Judge.

Action by Robert L. Phillips against the Bryceland Lumber Company. Judgment for defendant, and plaintiff appeals. Affirmed.

J. Rush Wimberly and Reeves & Taylor, all of Arcadia, for appellant.

Goff & Barnette, of Arcadia, and William C. Barnette, of Shreveport, for appellee.

O'NIELL, J. Plaintiff appeals from a judgment rejecting his demand for damages for personal injuries.

He was not employed by, or under contract with, the defendant at the time of the accident. He was walking on the company's logging railroad, and came to a place where a crew of employees of the company was loading a derailed log car upon a train. The work was being done with a steam loader or crane. A derailed truck that was being hoisted slipped from between the tongs and fell upon the end of a pole, causing the other end of the pole to strike plaintiff and break his leg. The only question in dispute is whether plaintiff's having gone upon the railroad was merely as a matter of curiosity, to witness the loading operations, or was because the railroad was a shorter and more convenient route than the public road to his destination. That question is of no importance. Plaintiff was not invited to the scene of the accident by any officer or employee of the defendant company, and his presence was not a matter of any business of the company. There is no evidence whatever of fault or negligence on the part of defendant's employees. No argument has been made nor brief filed in appellant's behalf.

The judgment appealed from is affirmed, at appellant's cost.